UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CARNES,<br>　　　　Plaintiff,<br>　　v.<br>ATRIA SENIOR LIVING, INC.,<br>　　　　Defendant. | Case No. 14-cv-02727-VC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 26 |

　　　　Defendant Atria Senior Living, Inc. ("Atria"), owns and operates a number of assisted living facilities throughout California. Plaintiff Thomas Carnes, a resident of one of these facilities, filed this putative class action alleging violations of California's Consumer Legal Remedies Act ("CLRA"), Cal Civ. Code § 1750 et seq., and unfair competition law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), and elder financial abuse in violation of California Welfare and Institutions Code § 15610.30. Atria moved to dismiss. The motion is granted, with leave to amend.

　　　　At bottom, Carnes's complaint rests on a theory that Atria, by representing that it both provides care and charges residents according to its resident evaluation system, is necessarily also representing that it uses the same evaluation system to determine its overall staffing levels at a particular facility. It is this second (and implied) representation that Carnes alleges is fraudulent—Carnes alleges that Atria instead determines overall staffing levels at a facility based on corporate labor budgets and profit margins, without regard to the evaluations of each resident. FAC ¶ 5. But Carnes does not identify any actual representation that relates to Atria's overall staffing levels or explain why Atria's representations about its resident evaluation system would necessarily imply that overall facility staffing levels would be dictated by this system.

1    If Carnes had alleged that Atria provided less individual care than what it promised its
2    residents, that claim might sound in fraud.  But Carnes never alleges that Atria does not provide
3    residents with the number of hours of care that corresponds to each resident's point value.  Nor
4    does he allege that Atria's policies for determining how facilities should be staffed preclude those
5    facilities from providing the care Atria itself determines each resident needs—and for which Atria
6    charges additional fees.  Carnes thus fails to state a plausible claim of misrepresentation, let alone
7    one that provides the specificity necessary to satisfy Rule 9(b).

8    Accordingly, Atria's motion to dismiss is granted.  Should Carnes wish to file an amended
9    complaint, he must do so within 21 days of this order or the dismissal will be with prejudice.

**IT IS SO ORDERED**.

Dated:  November 6, 2014

_____
VINCE CHHABRIA
United States District Judge