UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CARNES,<br>　　　　Plaintiff,<br>　　v.<br>ATRIA SENIOR LIVING, INC.,<br>　　　　Defendant. | Case No. 14-cv-02727-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 54 |

**1.** Atria argues that the Court should dismiss Carnes' claims for injunctive relief and restitution on judicial abstention grounds. California's judicial abstention doctrine gives courts applying California law the discretion to abstain from hearing equitable claims where (1) "the lawsuit involves determining complex economic policy, which is best handled by the Legislature or an administrative agency," or (2) "granting injunctive relief would be unnecessarily burdensome for the trial court to monitor and enforce given the availability of more effective means of redress." *Alvarado v. Selma Convalescent Hosp.*, 64 Cal. Rptr. 3d 250, 254 (Ct. App. 2007). Atria argues both that the equitable relief Carnes seeks would require the Court to assume the role of a state regulatory agency, and that the requested injunction would place an undue burden on the Court. *See Winans v. Emeritus Corp.*, No. 13-CV-03962-SC, 2014 WL 970177, at *8 (N.D. Cal. Mar. 5), *clarified on denial of reconsideration*, No. 13-CV-03962-SC, 2014 WL 2586370 (N.D. Cal. June 9, 2014) (abstaining from adjudicating a plaintiff's equitable claims related to understaffing of assisted living facilities). But, in contrast to the plaintiff in *Winans*, Carnes does not appear to seek injunctive relief that would require the Court to determine staffing needs at Atria facilities. Nor does it appear that Carnes' requested relief would require the Court to monitor staffing at Atria facilities on an ongoing basis. Carnes alleges that Atria falsely represents that it uses its resident evaluation system to determine facility staffing, and that it will

1 provide each patient with the number of hours of care it has determined are necessary to meet that
2 patient's individual needs—hours of care that the patient is charged for.  The equitable relief
3 Carnes seeks is limited to an injunction prohibiting Atria from continuing to make these allegedly
4 false representations.  Accordingly, the Court declines, at this stage of the proceedings, to exercise
5 its discretion to abstain from adjudicating Carnes' equitable claims.

**2.**  Atria argues that Carnes fails to state a claim for elder financial abuse because "at all times relevant to Plaintiff's claims, his non-elderly daughter, Juliana Clegg, was acting to protect his interests[,]" and because "Ms. Clegg—and not Plaintiff—signed the agreement[.]"  Docket No. 54, p.9.  But while Ms. Clegg signed the admissions agreement with Atria when Carnes moved into Atria's Hillsdale facility, Carnes' complaint alleges that Ms. Clegg was acting on Carnes' behalf pursuant to a durable power of attorney when she did so.  SAC ¶ 65.  While there may be no claim for elder financial abuse when a plaintiff alleges fraudulent conduct relating to a contract that was consummated before the plaintiff became an elder, *see Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 879 (N.D. Cal. 2010), the defendants cite to no authority suggesting that a plaintiff cannot state a claim where a contract was signed by an elder's non-elderly guardian, but where the elder is taken advantage of and suffers the financial consequences of the alleged fraud.  Accordingly, the Court denies Atria's motion to dismiss Carnes' claim for elder financial abuse.

**IT IS SO ORDERED**.

Dated:  February 20, 2015

_____
VINCE CHHABRIA
United States District Judge