1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Thomas Carnes, by and through his
Guardian ad Litem, Juliana Christine
Clegg, on his own behalf and on behalf
of others similarly situated,

                    Plaintiff,

        v.

Atria Senior Living, Inc. and Does 1
through 100,

                    Defendant.

Case No.   3:14-cv-02727-VC

**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION**

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective

Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and

1 | have appeared in this action on behalf of that party or are affiliated with a law firm
2 | which has appeared on behalf of that party.

3 |       2.10  Party:  any party to this action, including all of its officers,
4 | directors, employees, consultants, retained experts, and Outside Counsel of Record
5 | (and their support staffs).

6 |       2.11  Producing Party:  a Party or Non-Party that produces Disclosure
7 | or Discovery Material in this action.

8 |       2.12  Professional Vendors:  persons or entities that provide litigation
9 | support services (e.g., photocopying, videotaping, translating, preparing exhibits or
10 | demonstrations, and organizing, storing, or retrieving data in any form or medium)
11 | and their employees and subcontractors.

12 |       2.13  Protected Material:  any Disclosure or Discovery Material that is
13 | designated as "CONFIDENTIAL."

14 |       2.14  Receiving Party:  a Party that receives Disclosure or Discovery
15 | Material from a Producing Party.

16 |     **3.**   **<u>SCOPE</u>**

17 |       The protections conferred by this Stipulation and Order cover not only
18 | Protected Material (as defined above), but also (1) any information copied or
19 | extracted from Protected Material; (2) all copies, excerpts, summaries, or
20 | compilations of Protected Material; and (3) any testimony, conversations, or
21 | presentations by Parties or their Counsel that might reveal Protected Material.
22 | However, the protections conferred by this Stipulation and Order do not cover the
23 | following information: (a) any information that is in the public domain at the time of
24 | disclosure to a Receiving Party or becomes part of the public domain after its
25 | disclosure to a Receiving Party as a result of publication not involving a violation of
26 | this Order, including becoming part of the public record through trial or otherwise;
27 | and (b) any information known to the Receiving Party prior to the disclosure or
28 | obtained by the Receiving Party after the disclosure from a source who obtained the

1  information lawfully and under no obligation of confidentiality to the Designating
2  Party. Any use of Protected Material at trial shall be governed by a separate
3  agreement or order.

4      **4.**   **DURATION**

5      Even after final disposition of this litigation, the confidentiality obligations
6  imposed by this Order shall remain in effect until a Designating Party agrees
7  otherwise in writing or a court order otherwise directs. Final disposition shall be
8  deemed to be the later of (1) dismissal of all claims and defenses in this action, with
9  or without prejudice; and (2) final judgment herein after the completion and
10  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
11  including the time limits for filing any motions or applications for extension of time
12  pursuant to applicable law.

13      **5.**   **DESIGNATING PROTECTED MATERIAL**

14      5.1   Exercise of Restraint and Care in Designating Material for
15  Protection. Each Party or Non-Party that designates information or items for
16  protection under this Order must take care to limit any such designation to specific
17  material that qualifies under the appropriate standards. The Designating Party must
18  designate for protection only those parts of material, documents, items, or oral or
19  written communications that qualify – so that other portions of the material,
20  documents, items, or communications for which protection is not warranted are not
21  swept unjustifiably within the ambit of this Order.

22      Mass, indiscriminate, or routinized designations are prohibited. Designations
23  that are shown to be clearly unjustified or that have been made for an improper
24  purpose (e.g., to unnecessarily encumber or retard the case development process or
25  to impose unnecessary expenses and burdens on other parties) expose the
26  Designating Party to sanctions. If it comes to a Designating Party's attention that
27  information or items that it designated for protection do not qualify for protection,
28  that Designating Party must promptly notify all other Parties that it is withdrawing

1 | the mistaken designation.

2 |      5.2    Manner and Timing of Designations.  Except as otherwise

3 | provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as

4 | otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

5 | protection under this Order must be clearly so designated before the material is

6 | disclosed or produced.

7 |     Designation in conformity with this Order requires:

8 |     (a)    for information in documentary form (e.g., paper or electronic

9 | documents, but excluding transcripts of depositions or other pretrial or trial

10 | proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

11 | page that contains protected material. If only a portion or portions of the material on

12 | a page qualifies for protection, the Producing Party also must clearly identify the

13 | protected portion(s) (e.g., by making appropriate markings in the margins).  A Party

14 | or Non-Party that makes original documents or materials available for inspection

15 | need not designate them for protection until after the inspecting Party has indicated

16 | which material it would like copied and produced. During the inspection and before

17 | the designation, all of the material made available for inspection shall be deemed

18 | "CONFIDENTIAL." After the inspecting Party has identified the documents it

19 | wants copied and produced, the Producing Party must determine which documents,

20 | or portions thereof, qualify for protection under this Order. Then, before producing

21 | the specified documents, the Producing Party must affix the "CONFIDENTIAL"

22 | legend to each page that contains Protected Material. If only a portion or portions of

23 | the material on a page qualifies for protection, the Producing Party also must clearly

24 | identify the protected portion(s) (e.g., by making appropriate markings in the

25 | margins).

26 |     (b)    for testimony given in deposition or in other pretrial or trial

27 | proceedings, that the Designating Party identify on the record, before the close of

28 | the deposition, hearing, or other proceeding, all protected testimony.

1      (c)     for information produced in some form other than documentary and for
2 any other tangible items, that the Producing Party affix in a prominent place on the
3 exterior of the container or containers in which the information or item is stored the
4 legend "CONFIDENTIAL." If only a portion or portions of the information or item
5 warrant protection, the Producing Party, to the extent practicable, shall identify the
6 protected portion(s).

7      5.3     Inadvertent Failures to Designate.  If timely corrected, an
8 inadvertent failure to designate qualified information or items does not, standing
9 alone, waive the Designating Party's right to secure protection under this Order for
10 such material. Upon timely correction of a designation, the Receiving Party must
11 make reasonable efforts to assure that the material is treated in accordance with the
12 provisions of this Order.

13      **6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

14      6.1     Timing of Challenges.  Any Party or Non-Party may challenge a
15 designation of confidentiality at any time. Unless a prompt challenge to a
16 Designating Party's confidentiality designation is necessary to avoid foreseeable,
17 substantial unfairness, unnecessary economic burdens, or a significant disruption or
18 delay of the litigation, a Party does not waive its right to challenge a confidentiality
19 designation by electing not to mount a challenge promptly after the original
20 designation is disclosed.

21      6.2     Meet and Confer.  The Challenging Party shall initiate the
22 dispute resolution process by providing written notice of each designation it is
23 challenging and describing the basis for each challenge. To avoid ambiguity as to
24 whether a challenge has been made, the written notice must recite that the challenge
25 to confidentiality is being made in accordance with this specific paragraph of the
26 Protective Order. The parties shall attempt to resolve each challenge in good faith
27 and must begin the process by conferring directly (in voice to voice dialogue; other
28 forms of communication are not sufficient) within 14 days of the date of service of

1  notice. In conferring, the Challenging Party must explain the basis for its belief that
2  the confidentiality designation was not proper and must give the Designating Party
3  an opportunity to review the designated material, to reconsider the circumstances,
4  and, if no change in designation is offered, to explain the basis for the chosen
5  designation. A Challenging Party may proceed to the next stage of the challenge
6  process only if it has engaged in this meet and confer process first or establishes that
7  the Designating Party is unwilling to participate in the meet and confer process in a
8  timely manner.

9        6.3    Judicial Intervention. If the Parties cannot resolve a challenge
10  without court intervention, the Designating Party shall file and serve a motion to
11  retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local
12  Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within
13  14 days of the parties agreeing that the meet and confer process will not resolve
14  their dispute, whichever is earlier. Each such motion must be accompanied by a
15  competent declaration affirming that the movant has complied with the meet and
16  confer requirements imposed in the preceding paragraph. Failure by the Designating
17  Party to make such a motion including the required declaration within 21 days (or
18  14 days, if applicable) shall automatically waive the confidentiality designation for
19  each challenged designation. In addition, the Challenging Party may file a motion
20  challenging a confidentiality designation at any time if there is good cause for doing
21  so, including a challenge to the designation of a deposition transcript or any portions
22  thereof. Any motion brought pursuant to this provision must be accompanied by a
23  competent declaration affirming that the movant has complied with the meet and
24  confer requirements imposed by the preceding paragraph.

25        The burden of persuasion in any such challenge proceeding shall be on the
26  Designating Party. Frivolous challenges, and those made for an improper purpose
27  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
28  expose the Challenging Party to sanctions. Unless the Designating Party has waived

1  the confidentiality designation by failing to file a motion to retain confidentiality as
2  described above, all parties shall continue to afford the material in question the level
3  of protection to which it is entitled under the Producing Party's designation until the
4  court rules on the challenge.

5  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

6          7.1    Basic Principles. A Receiving Party may use Protected Material
7  that is disclosed or produced by another Party or by a Non-Party in connection with
8  this case only for prosecuting, defending, or attempting to settle this litigation. Such
9  Protected Material may be disclosed only to the categories of persons and under the
10  conditions described in this Order. When the litigation has been terminated, a
11  Receiving Party must comply with the provisions of section 13 below (FINAL
12  DISPOSITION).

13         Protected Material must be stored and maintained by a Receiving Party at a
14  location and in a secure manner that ensures that access is limited to the persons
15  authorized under this Order.

16         7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless
17  otherwise ordered by the court or permitted in writing by the Designating Party, a
18  Receiving Party may disclose any information or item designated
19  "CONFIDENTIAL" only to:

20         (a)    the Receiving Party's Outside Counsel of Record in this action, as well
21  as employees of said Outside Counsel of Record to whom it is reasonably necessary
22  to disclose the information for this litigation and who have signed the
23  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
24  A;

25         (b)    the officers, directors, and employees (including House Counsel) of the
26  Receiving Party to whom disclosure is reasonably necessary for this litigation and
27  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28         (c)    Experts (as defined in this Order) of the Receiving Party to whom

1  disclosure is reasonably necessary for this litigation and who have signed the

2  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3      (d)    the court and its personnel;

4      (e)    court reporters and their staff, professional jury or trial consultants,

5  mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

6  for this litigation and who have signed the "Acknowledgment and Agreement to Be

7  Bound" (Exhibit A);

8      (f)    during their depositions, witnesses in the action to whom disclosure is

9  reasonably necessary and who have signed the "Acknowledgment and Agreement to

10  Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

11  by the court. Pages of transcribed deposition testimony or exhibits to depositions

12  that reveal Protected Material must be separately bound by the court reporter and

13  may not be disclosed to anyone except as permitted under this Stipulated Protective

14  Order.

15      (g)    the author or recipient of a document containing the information or a

16  custodian or other person who otherwise possessed or knew the information.

17      **8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

18             **PRODUCED IN OTHER LITIGATION**

19      If a Party is served with a subpoena or a court order issued in other litigation

20  that compels disclosure of any information or items designated in this action as

21  "CONFIDENTIAL," that Party must:

22      (a)    promptly notify in writing the Designating Party. Such notification

23  shall include a copy of the subpoena or court order;

24      (b)    promptly notify in writing the party who caused the subpoena or order

25  to issue in the other litigation that some or all of the material covered by the

26  subpoena or order is subject to this Protective Order. Such notification shall include

27  a copy of this Stipulated Protective Order; and

28      (c)    cooperate with respect to all reasonable procedures sought to be

1  pursued by the Designating Party whose Protected Material may be affected.

2        If the Designating Party timely seeks a protective order, the Party served with

3  the subpoena or court order shall not produce any information designated in this

4  action as "CONFIDENTIAL" before a determination by the court from which the

5  subpoena or order issued, unless the Party has obtained the Designating Party's

6  permission. The Designating Party shall bear the burden and expense of seeking

7  protection in that court of its confidential material – and nothing in these provisions

8  should be construed as authorizing or encouraging a Receiving Party in this action

9  to disobey a lawful directive from another court.

10       **9.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

11                **PRODUCED IN THIS LITIGATION**

12      (a)    The terms of this Order are applicable to information produced by a

13  Non-Party in this action and designated as "CONFIDENTIAL." Such information

14  produced by Non-Parties in connection with this litigation is protected by the

15  remedies and relief provided by this Order. Nothing in these provisions should be

16  construed as prohibiting a Non-Party from seeking additional protections.

17      (b)    In the event that a Party is required, by a valid discovery request, to

18  produce a Non-Party's confidential information in its possession, and the Party is

19  subject to an agreement with the Non-Party not to produce the Non-Party's

20  confidential information, then the Party shall:

21      (1)    promptly notify in writing the Requesting Party and the Non-Party that

22  some or all of the information requested is subject to a confidentiality agreement

23  with a Non-Party;

24      (2)    promptly provide the Non-Party with a copy of the Stipulated

25  Protective Order in this litigation, the relevant discovery request(s), and a

26  reasonably specific description of the information requested; and

27      (3)    make the information requested available for inspection by the Non-

28  Party.

1      (c)    If the Non-Party fails to object or seek a protective order from this
2 court within 14 days of receiving the notice and accompanying information, the
3 Receiving Party may produce the Non-Party's confidential information responsive
4 to the discovery request. If the Non-Party timely seeks a protective order, the
5 Receiving Party shall not produce any information in its possession or control that is
6 subject to the confidentiality agreement with the Non-Party before a determination
7 by the court.  Absent a court order to the contrary, the Non-Party shall bear the
8 burden and expense of seeking protection in this court of its Protected Material.

9      (d)    Paragraph 9 of this Order does not apply to any request for contact
10 information or resident files pursuant to Pioneer Electronics v. Superior Court, 40
11 Cal.4th 360 (Cal. 2007).  Such a request will be governed either by an agreement of
12 the parties or by a separate order of the Court specifying any applicable protections
13 and notifications.

14     **10.**   **UNAUTHORIZED DISCLOSURE OF PROTECTED**
15             **MATERIAL**

16     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
17 Protected Material to any person or in any circumstance not authorized under this
18 Stipulated Protective Order, the Receiving Party must immediately (a) notify in
19 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
20 to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
21 persons to whom unauthorized disclosures were made of all the terms of this Order,
22 and (d) request such person or persons to execute the "Acknowledgment and
23 Agreement to Be Bound" that is attached hereto as Exhibit A.

24     **11.**   **INADVERTENT PRODUCTION OF PRIVILEGED OR**
25             **OTHERWISE PROTECTED MATERIAL**

26     When a Producing Party gives notice to any Receiving Party that certain
27 inadvertently produced materials are subject to a claim of privilege or other
28 protection, the  Receiving Party shall return the materials upon request from the

1 | Producing Party within five (5) business days, regardless of whether the Receiving
2 | Party agrees with the claim of privilege and/or work-product protection.

3 | 11.1 The parties further agree that the inadvertent disclosure or
4 | production of any information or document that is subject to an objection on the
5 | basis of attorney-client privilege, work-product, and/or privacy protection will not
6 | be deemed to waive a party's claim to its privileged or protected nature or estop that
7 | party or the privilege holder from designating the information or document as
8 | privileged at a later date.

9 | 11.2 This provision is not intended to modify whatever procedure
10 | may be established in an e-discovery order that provides for production without
11 | prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar
12 | as the parties reach an agreement on the effect of disclosure of a communication or
13 | information covered by the attorney-client privilege or work product protection, the
14 | parties may incorporate their agreement in the stipulated protective order submitted
15 | to the court.

16 | **12.** **MISCELLANEOUS**

17 | 12.1 Right to Further Relief. Nothing in this Order abridges the right
18 | of any person to seek its modification by the court in the future.

19 | 12.2 Right to Assert Other Objections. By stipulating to the entry of
20 | this Protective Order no Party waives any right it otherwise would have to object to
21 | disclosing or producing any information or item on any ground not addressed in this
22 | Stipulated Protective Order. Similarly, no Party waives any right to object on any
23 | ground to use in evidence of any of the material covered by this Protective Order.

24 | 12.3 Filing Protected Material. Without written permission from the
25 | Designating Party or a court order secured after appropriate notice to all interested
26 | persons, a Party may not file in the public record in this action any Protected
27 | Material. A Party that seeks to file under seal any Protected Material must comply
28 | with Civil Local Rule 79-5. Protected Material may only be filed under seal

1  pursuant to a court order authorizing the sealing of the specific Protected Material at
2  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a
3  request establishing that the Protected Material at issue is privileged, protectable as
4  a trade secret, or otherwise entitled to protection under the law. If a Receiving
5  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-
6  5(d) is denied by the court, then the Receiving Party may file the information in the
7  public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the
8  court.

9      13.   **FINAL DISPOSITION**

10      Following the final disposition of this action, as defined in paragraph 4, each
11  Receiving Party must return all Protected Material to the Producing Party or destroy
12  such material, upon receiving a request from the Producing Party.  As used in this
13  subdivision, "all Protected Material" includes all copies, abstracts, compilations,
14  summaries, and any other format reproducing or capturing any of the Protected
15  Material. Whether the Protected Material is returned or destroyed, the Receiving
16  Party must submit a written certification to the Producing Party (and, if not the same
17  person or entity, to the Designating Party) within 60 days of receiving the request
18  for return or destruction of Protected Material from the Producing Party that (1)
19  identifies (by category, where appropriate) all the Protected Material that was
20  returned or destroyed and (2) affirms that the Receiving Party has not retained any
21  copies, abstracts, compilations, summaries or any other format reproducing or
22  capturing any of the Protected Material. Notwithstanding this provision, Counsel are
23  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,
24  and hearing transcripts, legal memoranda, correspondence, deposition and trial
25  exhibits, expert reports, attorney work product, and consultant and expert work
26  product, even if such materials contain Protected Material. Any such archival copies
27  ///
28  ///

1  that contain or constitute Protected Material remain subject to this Protective Order
2  as set forth in Section 4 (DURATION).
3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
4
5  DATED: 3/19/15
                                    Kathryn A. Stebner
6                                   Sarah Colby
7                                   Attorneys for Plaintiff
8
9  DATED: 3/19/15
                                    Jeffrey S. Ranen
10                                  Katherine DenBleyker
11                                  Attorneys for Defendant
12
13  PURSUANT TO STIPULATION, IT IS SO ORDERED.
14
15  DATED:   March 20, 2015
16                                  United States District/~~Magistrate~~ Judge
17
18
19
20
21
22
23
24
25
26
27
28

4847-2559-4146.1                    14                          3:14-cv-02727-VC
           STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern

District of California on _____ [date of Stipulated Protective

Order], in the case of *Thomas Carnes v. Atria Senior Living, Inc.*, Case No. 3:14-

cv-02727-VC. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address

and telephone number] as my California agent for service of process in connection

///

///

///

///

///

///

4847-2559-4146.1

15

3:14-cv-02727-VC

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

1  with this action or any proceedings related to enforcement of this Stipulated
2  Protective Order.
3  Date: _____
4  City and State where sworn and signed: _____
5
6
7  Printed name: _____
8
9  Signature: _____
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28