UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CARNES,<br><br>        Plaintiff,<br><br>        v.<br><br>ATRIA SENIOR LIVING, INC.,<br><br>        Defendant. | Case No. 14-cv-02727-VC<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**<br><br>Re: Dkt. No. 105 |

## INTRODUCTION

Class Counsel's Motion for Attorneys' Fees, Costs, and Service Award ("Motion") came on for hearing on July 7, 2016, at 10:00 a.m., in Courtroom 4 of the United States District Court for the Northern District of California, San Francisco Division, with the Honorable Vince Chhabria presiding.

Class Counsel moved the Court for an award of $2,112,000.00 in attorneys' fees; $135,000.00 in litigation expenses and costs; and a service award in the amount of $3,500 to Named Plaintiff Juliana Clegg, as successor-in-interest to the Estate of Thomas Carnes.

Having considered the Parties' Stipulation of Settlement; Class Counsel's Motion for Attorneys' Fees, Costs, and Service Award ("Motion"); the briefings in support of the Motion; the Declarations and exhibits attached thereto of Kathryn Stebner, Chris Healey, Guy Wallace, Michael Thamer, Robert Arns, Timothy Needham, Richard M. Pearl, Kathleen Wyatt, and

Juliana Clegg; the relevant legal authority; the record in this case; and the argument of Counsel at the hearing thereon; the Court hereby FINDS, ORDERS, AND ADJUDGES as follows:[1]

I.  **THE AGREED-UPON ATTORNEYS' FEE REQUEST IS FAIR, REASONABLE, AND JUSTIFIED**

California law governs the attorneys' fee award here because Plaintiff's claims arise under California law. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

In this action, Plaintiff asserted jury claims under the Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq.*, which requires mandatory payment of attorneys' fees and costs to successful plaintiffs. The attorneys' fees provision of the CLRA, Section 1780(e), states: "The court *shall* award court costs and attorney fees to a prevailing plaintiff in litigation filed pursuant to this section." Thus, some award of attorneys' fees is mandatory. *Kim v. Euromotors West*, 149 Cal.App.4th 170, 177 (2007).

Under California law, the Court is empowered to award reasonable attorneys' fees and costs when a litigant proceeding in a representative capacity has achieved a "substantial benefit" for a class of persons. *Serrano III v. Priest*, 20 Cal.3d 25, 38 (1977) ("*Serrano III*"). There are two methods of calculating attorneys' fees in civil class actions: (1) the lodestar/multiplier method, and (2) the percentage of recovery method. *Wershba v. Apple Computer, Inc.*, 91 Cal. App.4th 224, 254 (2001). While the Court has discretion, one recognized approach is to determine the plaintiffs' lodestar fees, determine whether a multiplier is warranted, and then "cross check" the propriety of that amount as a percentage of the overall recovery. *See Lealao v. Beneficial Cal., Inc.*, 82 Cal.App.4th 19, 49-50 (2000).

A.  **Class Counsel's Fee Request is Reasonable Under the Lodestar Analysis**

Under California law, "[t]he primary method for establishing the amount of reasonable attorney fees is the lodestar method." *In re Vitamin Cases*, 110 Cal.App.4th 1041, 1052 (2003),

---

[1] The Court, for purposes of this Order Granting Motion for Attorneys' Fees, Costs, and Service Award, adopts and incorporates the terms and definitions set forth in the Stipulation of Settlement ("SS").

(internal quotation marks and citations omitted). *See also, Serrano III*, 20 Cal.3d at 49 (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470 (2d Cir. 1974)); *Lealao*, 82 Cal. App. 4th at 39; *In re Bluetooth Headset Products Liab. Lit.*, 654 F.3d 935, 941 (9th Cir. 2011) (citing *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988)). Applicable precedents support the reasonableness of the fees requested here.

### 1. Class Counsels' Lodestar Amounts Are Reasonable

The lodestar method requires the Court to determine a "touchstone" or lodestar figure based on a compilation of time spent and reasonable hourly compensation for each attorney. *See, e.g.*, *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 579 (2004); *Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal.App.4th 440, 445 (2000); *Lealao*, 82 Cal.App.4th at 26; *Hanlon v. Chrysler Group, Inc.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Generally, hours are reasonable if they were "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983). *See also Ketchum v. Moses*, 24 Cal.4th 1122, 1133 (2001) (fee award should be "fully compensatory [and] absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours reasonably spent.") (emphasis in original); *Serrano III*, 20 Cal. 3d at 49 (counsel are entitled to compensation for all hours reasonably expended); *Hensley*, 461 U.S. at 435-36; *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052-53 (9th Cir. 1991).

Class Counsel attest that, in total, they have expended 5,601.8 hours for an unadjusted lodestar of $2,675,653.46. The Court has reviewed the Declarations of Kathryn Stebner, Chris Healey, Guy Wallace, Michael Thamer, Robert Arns, and Timothy Needham describing the work performed by Class Counsel on this case. The total hours claimed by Class Counsel are approved based on evidence presented of the work performed, including detailed summaries, and the results achieved. The Court is also satisfied that Class Counsel have exercised appropriate and significant billing judgment by not requesting fees for unproductive or

duplicative work.

Accordingly, the Court finds the number of hours that Class Counsel devoted to this case is reasonable.

### 2. Class Counsel's Hourly Rates Are Well Within the Prevailing Rates for Similar Complex Civil Litigation in the Bay Area

The second step is determining the reasonable market value of the attorneys' services at an hourly rate. *Ketchum*, 24 Cal.4th at 1134; *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1094 (2000); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). This rule applies even when attorneys normally work on a contingent fee basis. *See, e.g., Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal.App.4th 785, 818 (2006); *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989). Rates are reasonable if they are "within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work." *Children's Hosp. and Med. Ctr. v. Bonta*, 97 Cal.App.4th 740, 783 (2002). A reasonable hourly rate is the prevailing rate charged by attorneys of similar skill and experience in the relevant community. *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (2000). Declarations regarding the prevailing market rate in the relevant community are sufficient to establish a reasonable hourly rate. *See Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998).

In support of their motion, Settlement Class Counsel submitted a declaration from Richard M. Pearl, who opined on the reasonableness of the rates charged by counsel. (Declaration of Richard M. Pearl, ¶¶ 12-13). Mr. Pearl relies on rates that have been approved in other cases and refers to the rates charged by other firms within the Northern District that are similar to the rates charged by Settlement Class Counsel. Class Counsel also attested that the rates requested here are also similar or equal to Class Counsel's rates in class actions against operators of assisted living and skilled nursing facilities previously approved by U.S. District Judge Haywood Gilliam in *Winans v. Emeritus Corporation* (N.D. Cal. Jan. 19, 2016, case no. 3:13-cv-03962-HSG, dkt. 133), Chief Judge of the Northern District of California Claudia

Wilken in *Wehlage v. Evergreen at Arvin LLC*, 2012 U.S. Dist. LEXIS 144152 at *8 (N.D. Cal. Oct. 4, 2012), and by U.S. District Judge Jeffrey S. White in *Walsh v. Kindred Healthcare, et al.*, 2013 U.S. Dist. LEXIS 176319 (N.D. Cal. Dec. 16, 2013). Class Counsel also attested that rates similar or equal to Class Counsel's rates in this case were also previously approved in the Superior Court of California by Judge Robert Freedman in *Valentine v. Thekkek Health Services, Inc., et. al.* Alameda County Superior Court, Case No. RG-10546266; by Judge Wynne Carvill in *Shuts v. Covenant Holdco LLC*, Alameda County Superior Court, Case No. RG 10551807, *Dalao v. LifeHouse Holdings, LLC* Alameda County Superior Court, Case No. RG12660602, and *Correa v. SnF Management Company, LLC* Alameda County Superior Court, Case No. RG-13664498; by Judge Jane Johnson in *Montreuil v. The Ensign Group, Inc.* Los Angeles County Superior Court, Case No. BC449162; by Judge Richard Kramer in *Hernandez v. Golden Gate Equity Holdings, LLC*, San Francisco County Superior Court, Case No. CGC-10-505288); and by Judge George Hernandez, Jr., in *Regina v. Hycare, Inc.*, Alameda County Superior Court, Case No. RG-12647573. Class Counsel also attested that rates similar to those of Class Counsel have been approved in a wide range of litigation outside of the context of skilled nursing facility class actions. *Campbell v. Nat'l Passenger R.R. Corp.*, 718 F.Supp.2d 1093, 1099-1100 (N.D. Cal. 2010) (finding reasonable market rates from $380 to $775 for employment and civil rights attorneys in the Northern District; *In re: TFT-LCD (Flat Panel) Anti-Trust Litigation*, 3:07-md-1827 SI (N.D. Cal.), December 27, 2011 Order, Dkt. 4436 at 2 (finding lodestar amount reasonable in a cross-check analysis).

Accordingly, the Court finds the hourly rates requested by Class Counsel to be reasonable and in line with the market rates charged by skilled counsel in the Bay Area in similar complex civil litigation.

    **B.    The Percentage Cross-Check Supports the Reasonableness of the Fee Request**

The Court will also conduct a cross-check regarding the reasonableness of a fee award by reviewing its percentage of the total value of the benefits conferred on the class. *Serrano III*,

20 Cal.3d at 34; *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-81 (1980); *Lealao*, 82 Cal. App. 4th at 49-50; *Graciano*, 144 Cal.App.4th at 164; 3 *Newberg on Class Actions*, § 14.7.

Viewed from a "percentage of fund" perspective, the fee request here of $2,112,000.00 represents 33% of the Settlement Fund of $6,400,000.00.[2] California federal trial courts have approved fee requests within that range in comparable consumer class actions.[3] *See Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *5 (N.D. Cal. Feb. 2, 2009); *Singer v. Becton Dickinson and Company,* No. 08-CV-821–IEG (BLM), 2010 WL 2196104 at *8 (S.D. Cal. June 1, 2010); *Ingalls v. Hallmark Mktg. Corp.*, Case No. 08cv4342, Doc. No. 77 (C.D. Cal. Oct. 16, 2009); *Cicero v. Direct TV, Inc*., 2010 WL 2991486, at *7 (C.D. Cal. July 27, 2010).

---

[2] In calculating the overall settlement benefit, the Court considers the total potential benefits made available. *Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 46 (2008) (approving methodology that adds fees and class payments in the percentage of recovery cross-check). The overall settlement benefit includes items such as attorneys' fees, costs, class notice and administration costs and other settlement amounts that defendant has agreed to pay. *Id.*

Moreover, the settlement's non-monetary term further supports the reasonableness of the fee request given the overall settlement value. When awarding attorneys' fees, "[a] court should take into account any non-monetary benefits obtained for the class." 5-23 Moore's Federal Practice — Civil § 23.124(b)(i). "[I]t is important to recognize that in some class actions the monetary relief obtained is not the sole determinant of an appropriate attorney fees award." Advisory Committee Notes to Fed. R. Civ. P. 23(h) (2003 Amendments) (citation omitted). "Incidental or nonmonetary benefits conferred by the litigation are a relevant circumstance" in determining fee awards. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049 (9th Cir. 2002), *cert. denied*, 537 U.S. 1018 (2002); *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003); *Pokorny v. Quixtar, Inc.*, No. C 07-0201 SC, 2013 U.S. Dist. LEXIS 100791, at *5 (N.D. Cal. July 18, 2013) (Conti, J.) ("The court may properly consider the value of injunctive relief obtained as a result of settlement in determining the appropriate fee."); *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F.Supp.2d 503, 525 (E.D.N.Y. 2003); *Steiner v. Williams*, Nos. 99 Civ. 10186 (JSM), 99 Civ. 1479 (JSM), 2001 WL 604035, at *4 (S.D.N.Y. May 31, 2001) ("[C]ounsel may recover a fee if the settlement conferred a substantial non-monetary benefit."); *Linney v. Cellular Alaska Partnership*, Nos. C-96-3008 DLJ, C-97-0203 DLJ, C-97-0425 DLJ, C-97-0457 DLJ, 1997 WL 450064, at *6-7 (N.D. Cal. July 18, 1997) (court considers injunctive relief in evaluating fairness of overall settlement fee request); *Colgan v. Leatherman Tool Group, Inc.*, 135Cal.App.4th 663, 702-03 (2006) (upholding a fee award under section 1021.5 where the suit resulted in the end of an unfair and deceptive practice).

[3] In determining what constitutes a reasonable fee in ordinary common fund cases, Ninth Circuit courts apply a "benchmark" percentage of 25 percent of the total fund as the starting point for the analysis, adjusting that amount as appropriate based on many of the same "enhancement" factors considered in the lodestar-multiplier analysis. *See Vizcaino*, 290 F.3d at 1047-50.

Accordingly, the Court finds this percentage cross-check demonstrates the propriety of Class Counsel's requested fee.

The Court GRANTS Class Counsel's Motion for reasonable attorneys' fees in the amount of $2,112,000.00.

## II.     THE REIMBURSEMENT OF LITIGATION EXPENSES IS WARRANTED

Counsel are entitled to recover their reasonable out-of-pocket costs and litigation expenses.  *Staton*, 327 F.3d at 974; *In re Media Vision Tech. Sec. Litig.*, 913 F.Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970)).  The CLRA provides for reimbursement of costs incurred.  *Cal. Hous. Fin. Agency v. E. R. Fairway Assocs. I*, 37 Cal.App.4th 1508, 1514 (1995).  Reimbursement of costs and litigation expenses is also necessitated under the common fund doctrine of *Trustees v. Greenough*, 105 U.S. 527, 533 (1881).

Class Counsel seek the reimbursement of costs in the amount of $135,000.00.

Upon review of Class Counsel's declarations and attached exhibits, the Court finds that the requested expenses are reasonable and should be reimbursed.

The Court GRANTS Class Counsel's Motion for reimbursement of reasonable litigation expenses and costs in the amount of $135,000.00.

## III.    THE SERVICE AWARD FOR THE NAMED PLAINTIFF IS FAIR

Pursuant to the Parties' Stipulation of Settlement, Class Counsel request the Court to approve services awards in the amount of $3,500.00 to Named Plaintiff Juliana Clegg, successor-in-interest to the estate of Thomas Carnes.  (SS, ¶ X.B.3, p. 22.)  The Court finds the amount requested here is within the range approved by trial courts in this Circuit.  *See, e.g., Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW, 2010 U.S. Dist. LEXIS 49482, at *6 (N.D. Cal. Apr. 22, 2010) (approving $20,000 service award); *Singer v. Becton Dickinson and Co.*, No. 08-CV-821 IEG (BLM), 2009 WL 4809646, at *6 (S.D. Cal. Dec. 9, 2009) (approving $25,000 service award); *Razilov v. Nationwide Mut. Ins. Co*., No. 01-CV-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006) (approving $10,000 service awards).

Class representatives play a crucial role in bringing justice to those who would otherwise be without a remedy. *See, e.g.*, *Bowens v. Atl. Maint. Corp.*, 546 F.Supp.2d 55, 80 (E.D.N.Y. 2008); *Clark* v. *Am. Residential Servs. LLC*, 175 Cal.App.4th 785, 804 (2009). The Ninth Circuit has recognized that named plaintiffs are eligible for reasonable incentive payments. *Staton*, 327 F.3d at 977; *Rodriguez v. West Pub'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly typical in class action cases."). Such awards are "intended to compensate class representatives for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the action." *Rodriguez*, 563 F.3d at 958-59. Relevant considerations include: the actions the class representatives took to protect the interests of the class; the degree to which the class benefited from those actions; the amount of time and effort the class representatives expended in pursuing the litigation; the risk to named plaintiff in commencing suit, both financial and otherwise; the notoriety and personal difficulties encountered by named plaintiff; the duration of litigation; and the personal benefit (or lack thereof) to the named as a result of the litigation. *See Cook v. Niedert*, 142 F. 3d 1004, 1016 (7th Cir. 1998); *Clark*, 175 Cal.App.4th at 804-07.

Here, Named Plaintiff Juliana Clegg served as the representative and Guardian ad Litem to Mr. Carnes in the prosecution of this lawsuit for over two years. After Mr. Carnes' death, Ms. Clegg continued the case prosecution as Mr. Carnes' legal successor. Named Plaintiff lent her name to this case and thus subjected herself to public attention. The Named Plaintiff her name to this case and thus subjected herself to public attention. Class Counsel and Named Plaintiff attests that Named Plaintiff had initial concerns about participating in a lawsuit and understood there was a risk she would be ordered to pay Defendant's costs should the litigation prove unsuccessful. Nonetheless, she agreed to become a class representative to stand up for vulnerable current and future residents. Named Plaintiff gave significant assistance to Class Counsel taking on the weighty responsibility of representing the Class, which was time-consuming and emotionally difficult. She made this case possible when many other potential class representatives were reluctant to step forward and represent the class. Her contributions

helped produce the substantial benefits now offered to the Settlement Class.

Accordingly, the Court finds the service award here is appropriate in light of the efforts and risks taken by the Named Plaintiff.

Accordingly, the Court GRANTS service awards in the amount of $3,500.00 to Named Plaintiff Juliana Clegg as successor-in-interest to the estate of Thomas Carnes.

**IT IS SO ORDERED.**

Dated: July 12, 2016

_____
VINCE CHHABRIA
United States District Judge